UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 21-CV-20582-SCOLA/GOODMAN**

FRANCISCO REYES PEREZ,

    Plaintiff,

v.

KIOLO KIJAKAZI,
Acting Commissioner of Social Security[1],

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
UNOPPOSED MOTION FOR ATTORNEY'S FEES**

Plaintiff Francisco Reyes Perez filed an Unopposed Motion for Attorney's Fees. [ECF No. 27]. Plaintiff seeks $5,788.97 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion indicates that the request for fees is unopposed. [ECF No. 27]. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party. United States District Court Judge Robert N. Scola (the "District Court") referred the motion to the Undersigned. [ECF No. 28].

---

[1]     Plaintiff's initial suit was brought against Andrew Saul, the Acting Commissioner at the time of filing. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the suit's Defendant.

Upon review of the petition and the record, the Undersigned finds that the requested fees are reasonable. Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Unopposed Motion for Attorney's Fees and award Plaintiff **$5,788.97** in attorney's fees, contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

I. **BACKGROUND**

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. Plaintiff filed a summary judgment motion, raising myriad issues. [ECF No. 19]. The Commissioner filed an unopposed motion to remand [ECF No. 24], which was granted by the District Court [ECF No. 25].

The Clerk entered Judgment in favor of Plaintiff [ECF No. 26] and then Plaintiff filed the instant unopposed motion for attorney's fees under the EAJA [ECF No. 27].

II. **DISCUSSION**

A. **Entitlement to Attorney's Fees**

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for purposes of filing a fee award under the EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

B. **Amount of Attorney's Fees**

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited


> availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $212.05 for work performed in 2021 and 2022. The cost-of-living increase for 2021 and 2022 is $217.21 and $232.13, respectively.[2] Thus, the Undersigned finds the hourly rate reasonable.

Plaintiff asserts that his attorney expended 27.3 hours on his case. Plaintiff has attached timesheets documenting his attorney's activities to his petition for attorney's fees. [ECF No. 27]. The Undersigned has reviewed the hours submitted in Plaintiff's petition and finds the time expended by Plaintiff's attorney to be reasonable.

## III. CONCLUSION

The Undersigned respectfully recommends that the District Court **grant** Plaintiff's motion for attorney's fees and awards Plaintiff **$5,788.97** in attorney's fees, contingent

---

[2] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2021 and 2022 (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.; see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls.

upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

## IV. OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on May 31, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record